UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Kevin A. Hill and Annette B. Hill,          )    Civil Action No.: 4:13-cv-0786-BHH
                                            )
                       Plaintiffs,          )
            vs.                             )
                                            )    **Opinion and Order**
Stryker Sales Corporation,                  )
                                            )
                       Defendant.           )
_____    )

This matter is before the Court on Defendant's motion to dismiss the amended

complaint, ECF No. 35.  For the reasons set forth herein, the Court denies the motion.

**BACKGROUND**

Plaintiffs Kevin A. Hill ("Mr. Hill") and Annette B. Hill ("Ms. Hill") filed this action on

March 22, 2013.  Plaintiffs seek to recover from Defendant Stryker Sales Corporation

("Stryker"), which allegedly manufactured a defective pedicle screw that was placed in

Mr. Hill's back on May 11, 2001, during "posterior fusion surgery at the L5-L6 level in his

lower back."  (Compl. ¶¶ 5-8, ECF No. 1.)  Mr. Hill required surgery again on March 22,

2010, to "repair and replace the hardware in his back."  (*Id.* ¶ 10.)  Plaintiffs advanced

causes of action for (1) breach of the implied warranty of merchantability, (2) breach of

the implied warranty of fitness for a particular purpose, (3) breach of an express

warranty, (4) a defective and unreasonably dangerous condition, and (5) loss of

consortium.

Stryker moved to dismiss the Complaint for failure to state a claim on October 28,

2013, ECF No. 9.  On December 23, 2013, Plaintiffs responded in opposition, ECF No.

21, and moved to amend/correct the complaint, ECF No. 19.  On March 5, 2014, the

Honorable Mary G. Lewis, to whom the case was previously assigned, issued a text order, ECF No. 33, granting Plaintiffs' motion to amend and denying the Defendant's motion to dismiss as moot.  Plaintiffs filed an amended complaint, ECF No. 34, on March 11, 2014, which Defendants moved to dismiss on March 25, 2014, ECF No. 35.

Plaintiffs' amended complaint corrected minor typographical issues, made a couple of word-choice modifications, and added paragraphs 8-10, which allege the dimensions of the screws allegedly manufactured by Defendant (¶ 8), that Mr. Hill began to experience pain in his left leg and back that was determined to be a result of broken screws (¶ 9), and that a radiologist reported in 2009 that there was "a fracture of the mid portion of the inferior of the two pedicle and vertebral body screws" and that the fracture "involv[ed] the inferior pedicle and vertebral body screw" (¶ 10).

## STANDARD OF REVIEW

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  To show that the plaintiff is "entitled to relief," the complaint must provide "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555.  In considering a motion to dismiss under Rule 12(b)(6), the Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ."  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255

(4th Cir. 2009).   Notably, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" do not qualify as well pled facts.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief."  *Iqbal*, 129 S. Ct. at 1950.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* (quoting Fed.R.Civ.P. 8(a)).  Still, Rule 12(b)(6) "does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."  *Colon Health Centers of Am., LLC v. Hazel*, 733 F.3d 535, 545 (4th Cir. 2013) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)).  "A plausible but inconclusive inference from pleaded facts will survive a motion to dismiss . . . ."  *Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico*, 628 F.3d 25, 30 (1st Cir. 2010) (Souter, J.).

## DISCUSSION

Defendant argues that Plaintiffs' complaint should be dismissed because (1) it lacks factual allegations sufficient to support its claims, (2) it fails to establish a plausible basis for relief, (3) it is a "shotgun pleading," and (4) the strict liability claim is time-barred.  In response, Plaintiffs argue that Judge Lewis's order denying Defendant's motion to dismiss the original complaint as moot bars Defendant's subsequent motion to

dismiss.  The Court disagrees with Plaintiffs' analysis regarding the import of Judge Lewis's ruling, but, nevertheless, finds that the motion to dismiss the amended complaint should be denied.

Plaintiffs' allegations are not a model of clarity or specificity, but they do not have to be to survive a motion to dismiss.  Given the nature of the claim, the Court is cognizant that the Plaintiffs may not have all the relevant facts that will ultimately be needed to prove their case and is unwilling to deny the Plaintiffs the opportunity to develop such facts through discovery.  Moreover, the Court disagrees that the Plaintiff has failed to advance a plausible basis for relief.  To be sure, far more will be required to withstand a motion for summary judgment, but, at this stage, the Court concludes that Plaintiff has alleged enough to survive the motion at hand.

Turning to the Defendant's allegation that the Plaintiff's complaint is a "shotgun pleading," the Court notes that the term "shotgun pleading" is itself a "label," and parties seeking dismissal on such a basis must do more than simply attach it to the other side's submission.  A Shotgun pleading is "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading."  *SunTrust Mortgage, Inc. v. Old Second Nat. Bank*, 2012 WL 1656667 (E.D. Va. May 10, 2012) (quoting *Lampkin–Asam v. Volusia County Sch. Bd.,* 261 F. App'x 274, 277 (11th Cir. 2008)).  In such instances, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  Plaintiffs' causes of action do incorporate prior allegations by reference, but as Defendant points out, the complaint is hardly heavy on facts.  Plaintiffs' complaint does not place the Defendant in the unfair

position of sorting through a slew of factual allegations trying to guess what harm is being alleged.  Accordingly, the Court declines to dismiss the complaint on the basis that it is a "shotgun pleading."

Finally, Plaintiffs' allegation that a radiologist reported in 2009 that there was "a fracture of the mid portion of the inferior of the two pedicle and vertebral body screws" that the fracture "involv[ed] the inferior pedicle and vertebral body screw" suggests that Plaintiff's strict liability claim may be outside of the statute of limitations.  However, construing the complaint in the manner most favorable to Plaintiffs, as it must, this Court cannot conclude with sufficient certainty that this is the case.  Furthermore, there is little to gain in dismissing this cause of action alone.  If the claim is in fact time barred, the facts required to make such a showing can be easily developed through the discovery process, and the Defendant may move for summary judgment.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is denied.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 20, 2014
Greenville, South Carolina